UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| REGINALD LEON NEVELS, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 3:19-cv-00678 |
|  | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM

Reginald Leon Nevels filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. *See United States v. Nevels*, No. 3:17-cr-00107, Doc. No. 28 (M.D. Tenn. Oct. 25, 2017) [hereinafter cited as "Crim. Doc. No. ___"]. The government filed a response. (Doc. No. 16.) For the following reasons, the movant is not entitled to relief under Section 2255, and this action will be dismissed.

**I.    Background**

A June 2017 information charged the movant with violating 18 U.S.C. §§ 922(g)(1) and 924 by being a felon in possession of firearms, namely a Ruger pistol, Smith & Wesson revolver, and Taurus pistol. (Crim. Doc. No. 1.) Within a week of his arrest, the movant waived prosecution by indictment and pleaded guilty to the information. (Crim. Doc. Nos. 11, 14.) His plea was pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Crim. Doc. No. 16.) At the plea hearing, the court accepted the movant's plea petition and reserved acceptance of the binding plea agreement. (Crim. Doc. No. 14.)

In the plea agreement, the movant admitted the following facts and that those facts established his guilt beyond a reasonable doubt. (Crim. Doc. No. 16 at 3.) State and federal law

enforcement investigated and prosecuted the movant as a result of a larger drug investigation. (*Id.* at 4.) Local officers did a "trash pull" outside a residence of interest and recovered, among other things, 107 torn plastic sandwich baggies (some containing residue that tested positive for heroin) and mail connecting the movant to that residence. (*Id.*) Local officers later conducted two controlled purchases of heroin from the movant outside that residence using a confidential informant. (*Id.* at 4–5.) Officers then obtained a state search warrant for the residence. (*Id.* at 5.) In a bedroom, officers found the movant, a digital scale, and over $19,000 in cash. (*Id.*) In that bedroom and the living room, officers found firearms and ammunition (including the three firearms charged in the information). (*Id.*) The movant told officers that he possessed the three charged firearms and that he "helped a number of people obtain small amounts of heroin from time to time." (*Id.* at 5–6.) He agreed that the charged firearms were not "manufactured in the State of Tennessee and so were possessed by [the movant] in and affecting interstate commerce." (*Id.* at 6.) And the movant agreed that, at the time of the search, he had been convicted of three prior drug trafficking felonies and one felony for simple possession/casual exchange. (*Id.*)

Under the plea agreement, the parties agreed that the movant's term of imprisonment should be 108 months. (*Id.* at 9.) They also agreed that, if the court accepted the agreement, then the movant's advisory sentencing guideline range was "moot" because his sentence would be based on the factors set forth in 18 U.S.C. § 3553(a), rather than the guideline range. (*Id.* at 6–7.) They agreed that the plea agreement was also based on the federal government's not seeking additional charges stemming from the admitted facts and on the state government's dismissing pending charges arising from these facts. (*Id.* at 7.)

The Probation Office prepared a Presentence Investigation Report ("PSR") prior to sentencing. *Nevels*, No. 3:17-cr-00107, Presentence Report [hereinafter cited as "PSR ___"]. In

2

calculating the movant's sentencing guideline range, the PSR increased the movant's base offense level by applying the large-capacity-magazine enhancement. (PSR ¶ 17 (applying U.S.S.G. § 2K2.1(a)(1).)[1] This enhancement applies only if, among other things, the defendant had two or more prior felony convictions for "either a crime of violence or a controlled substance offense" when he committed the underlying offense. (*See id.*) The PSR identified three such controlled substance offenses. (*See id.*)

The court held a sentencing hearing, accepted the binding plea agreement, and imposed the 108-month sentence. (Crim. Doc. No. 27.) Judgment entered on October 25, 2017. (Crim. Doc. No. 28.) The movant did not appeal.

## II.  Claims

The court liberally construes the Section 2255 motion to assert the following claims:

1. The movant's plea was unknowing and involuntary because he was not apprised of the elements necessary to convict him of the charged offense. (Doc. No. 1 at 5–6.)

2. Counsel was ineffective by failing to:

    A. Advise the movant of the elements of his charged offense (*id.* at 5); and

    B. Object to enhancements of his statutory maximum penalty and guideline range based on prior convictions. (*Id.* at 6–7.)

3. The Bureau of Prisons failed to award the movant jail credit. (*Id.* at 8.)

4. The court failed to recommend the Residential Drug Abuse Program. (*Id.*)

## III.  Legal Standard

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United*

---

[1] The court's citations to the Sentencing Guidelines are to the 2016 edition applied by the PSR. (PSR ¶ 16.)

*States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). "When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required to determine the truth of the petitioner's claims." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (internal citations and quotation marks omitted). "An evidentiary hearing is not required," however, "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).

IV.     Analysis

   A.     Claims 1 and 2.A—Elements of the Offense

In Claim 1, the movant asserts that his plea to being a felon in possession of firearms was unknowing and involuntary because he was unaware of two elements necessary to find him guilty of the offense: first, that he possessed the relevant firearms "in or affecting commerce" (the "commerce element"); and second, that he knew he was a felon when he possessed the firearms (the "knowledge-of-status element"), as clarified by the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*See* Doc. No. 1 at 5–6.) In Claim 2.A, the movant asserts that counsel was ineffective for failing to advise him of these two elements. (*Id.*) The government argues that Claim 1 is procedurally defaulted without cause (Doc. No. 16 at 8–10), and that Claim 2.A is without merit.[2] (*Id.* at 12–13.)

---

[2] The government also argues that the commerce-element portion of Claim 2.A is untimely. (Doc. No. 16 at 11 ("Nevels' claims except for his claim based on *Rehaif* should be denied as untimely.").) Because the substance of this claim overlaps with the procedural-default analysis below, it is more efficient for the court to consider its merits rather than its timeliness. *See Mateo-Castellanos v. Rapelje*, No. 2:11-CV-13761, 2012 WL 1555210, at *2 (E.D. Mich. May 1, 2012) (citing *Smith v. State of Ohio Dep't of Rehab.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006)) (looking past Section 2254 petition's potential untimeliness and "proceed[ing] to the merits" "in the interest of judicial economy"); *United States v. Asakevich*, 810 F.3d 418, 423 (6th

4

The court agrees that Claim 1 is defaulted, as the movant did not raise it in his criminal proceedings. *See Wallace v. United States*, --- F. 4th ----, 2022 WL 3134350, at *4 (6th Cir. Aug. 5, 2022) (citation omitted) ("Under the Supreme Court's procedural-default rule, [a movant's] failure to raise his *Rehaif* claim during the 'main event' (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion."). To obtain review of a defaulted claim, a movant must show: "(1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The movant presents no new evidence that he was unaware of the commerce element or the knowledge-of-status element at the time of his plea, so he has not made a colorable claim of actual innocence to excuse the default of Claim 1. *See Wallace*, 2022 WL 3134350, at *8 (citing *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018)) (rejecting *Rehaif*-based actual innocence argument).

A movant may, however, rely on ineffective assistance of counsel as "cause" for the default of a claim. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Therefore, if the movant establishes Claim 2.A (asserting that counsel failed to advise him of certain elements), then he has also established cause for the default of Claim 1 (asserting that his lack of knowledge regarding these elements rendered his plea unknowing and involuntary).

An ineffective-assistance claim requires the movant to "establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "An attorney's performance is deficient if 'counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). When a movant asserts that his attorney's performance "deprived

---

Cir. 2016) (citations omitted) (noting that courts generally use precedents in Section 2254 and Section 2255 cases interchangeably, particularly regarding their "nearly identical" statutes of limitation).

5

him of a trial by causing him to accept a plea, the [movant] can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). And a movant "who makes the prejudice showing for an ineffective-assistance claim (to establish 'cause' for a procedural default) generally satisfies the logically distinct 'prejudice' element to avoid the procedural default." *Wallace*, 2022 WL 3134350, at *5 (citing *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009)). With this framework in mind, the court will address the two elements in question.

   1.   **Commerce Element**

Section 922(g) bars certain categories of people from possessing firearms or ammunition "in or affecting commerce." 18 U.S.C. § 922(g). This commerce element is satisfied by "proof that a firearm moved in interstate commerce at any time." *United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) (adopting standard set out in *Scarborough v. United States*, 431 U.S. 563, 566–67 (1977)). The movant asserts that counsel failed to inform him of this element, but he fails to establish both deficiency and prejudice for this claim.

First, the record contradicts the movant's assertion. A guilty plea is not knowing and voluntary if the defendant was not informed of the elements for an offense. *See Williams v. Wolfenbarger*, 513 F. App'x 466, 470 (6th Cir. 2013) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). But if the record includes assurances from a defendant's attorney that "the defendant [was] informed of the nature and elements of the crime, [the court] may rely on th[ese] assurance[s] to find that the defendant [was] properly informed." *Id.* (citing *Bradshaw*, 545 U.S. at 183). And "even without such [] express representation[s], it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the

6

accused notice of what he is being asked to admit." *Henderson v. Morgan*, 426 U.S. 637, 647 (1976).

Here, the information charged the movant with possessing three firearms "in and affecting commerce." (Crim. Doc. No. 1 at 1.) Through the plea petition, the movant swore under penalty of perjury that he "read and discussed" the information with his counsel, that counsel "explained each element of the crime charged to [him]," and that counsel explained "what the government would offer to prove these elements beyond a reasonable doubt." (Crim. Doc. No. 15 at 1.) Counsel, in turn, agreed that he "read and fully explained to [the movant] all the accusations against him[] in this case." (*Id.* at 5.) Likewise, through the plea agreement, the movant agreed that his counsel "fully explained" the charged offense and that the movant "understood[] the nature and elements of the crime with which he [was] charged." (Crim. Doc. No. 16 at 1.)[3] And counsel agreed that he "fully explained to [the movant] his rights with respect to the pending Information." (*Id.* at 15.) Based on these representations in the record, the court has no basis to find counsel's explanation of the commerce element to be deficient. *See Bradshaw*, 545 U.S. at 183; *Henderson*, 426 U.S. at 647.

Even assuming a deficient explanation of the commerce element, moreover, the movant has not established prejudice. He does not allege, much less demonstrate with evidence, that he would have gone to trial if properly informed of this element. *See Clisby v. United States*, No. 19-4215, 2021 WL 5318338, at *3 (6th Cir. Nov. 16, 2021) (finding no prejudice where movant "never asserted that he wanted to go to trial; not contemporaneous with his plea, or even in his §

---

[3] It is the court's standard practice to inform the defendant of the elements of each crime to which he/she is pleading following the government's recitation of the factual support for the plea and to ask the defendant if he/she thinks the government could have proved those elements, had the defendant gone to trial. Although no transcript of the plea hearing has been prepared, the court is confident that it followed this practice on this occasion.

2255 motion and accompanying affidavit"). And the court sees no "contemporaneous evidence" in the record that the movant would have done so. *See Lee*, 137 S. Ct. at 1967 ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."). Indeed, through the plea agreement, the movant admitted that the relevant firearms were not "manufactured in the State of Tennessee and so were possessed by [the movant] in and affecting interstate commerce." (Crim. Doc. No. 16 at 6.) If proven at trial, that would have been sufficient to satisfy the government's burden of proof for the commerce element. *See Chesney*, 86 F.3d at 572 ("Chesney's stipulation that the gun had been transported in interstate commerce was sufficient to meet § 922(g)(1)'s 'in or affecting commerce' requirement."). The movant, therefore, has not shown prejudice arising from his understanding of the commerce element. *See Lee*, 137 S. Ct. at 1966 (explaining that a defendant without a "viable defense" "will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial"). And because the commerce-element portion of Claim 2.A is without merit, it cannot excuse the default of the related portion of Claim 1.

## 2. Knowledge-of-Status Element

The movant pleaded guilty to violating Section 922(g) in July 2017, about two years before the Supreme Court decided *Rehaif*. 139 S. Ct. 2191. *Rehaif* held that a Section 922(g) violation requires proof "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *United States v. Mahaffey*, 983 F.3d 238, 241 (6th Cir. 2020) (quoting *Rehaif*, 139 S. Ct. at 2200). The relevant category here is convicted felons, as listed in Section 922(g)(1) and charged in the information. (Crim. Doc. No.

1.) Since *Rehaif*, the government must prove that a defendant accused of violating Section 922(g)(1) "knew that he had 'been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year.'" *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020) (quoting 18 U.S.C. § 922(g)(1)). A movant may raise a *Rehaif* claim in an initial Section 2255 motion. *Wallace*, 2022 WL 3134350, at *4 (citing *Baker v. United States*, 848 F. App'x 188, 189 (6th Cir. 2021)). As with the commerce element, however, the movant fails to establish both deficiency and prejudice for counsel's failure to inform him of the knowledge-of-status element.

Counsel was not deficient in this regard because, at the time of the movant's guilty plea, Sixth Circuit "caselaw did not require *Rehaif*'s knowledge element." *Id.* at *5 (citing *United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020)). "[C]ounsel is not typically deficient for failing to anticipate a change in law." *Id.* (citing *Malone v. United States*, 817 F. App'x 188, 191 (6th Cir. 2020)). This includes *Rehaif*'s change to the knowledge element of a Section 922(g) offense. *See Wilson v. United States*, No. 20-1161, 2020 WL 8921408, at *2 (6th Cir. July 10, 2020) (citing *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010)) (holding that "counsel was not ineffective for failing to predict" *Rehaif*'s "new development in the law").

As for prejudice, the movant "must demonstrate 'a reasonable probability that, but for the [alleged failure to inform him of the knowledge-of-status element], he would not have entered the plea.'" *Hobbs*, 953 F.3d at 857 (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)) (describing the standard for establishing a *Rehaif* claim under the third prong of a plain-error analysis); *United States v. Ramirez-Figueredo*, 33 F.4th 312, 316 (6th Cir. 2022) (citing *Dominguez-Benitez*, 542 U.S. at 83) (describing the standard for plain-error prejudice as "akin to the *Strickland* standard for determining whether ineffective assistance of counsel prejudiced a criminal defendant"). This is a difficult burden to meet because, as the Supreme Court has

9

explained, "[f]elony status is simply not the kind of thing that one forgets." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)).

Here, the movant had several prior felony convictions, which is itself "substantial proof" he knew he was a felon. *See id.* at 2097–98. One of his prior convictions—albeit from about 18 years before the relevant conduct in this case—was for being a felon in possession of a handgun. (PSR ¶ 36.) "Where a defendant has a prior conviction for possessing a firearm as a convicted felon, the defendant has the knowledge required by *Rehaif*." *Neely v. United States*, No. 20-5985, 2021 WL 3878715, at *4 (6th Cir. Feb. 24, 2021) (citing *Conley*, 802 F. App'x at 924). And the most recent of his prior felony convictions was the result of a guilty plea only nine months prior to the relevant conduct in this case. (PSR ¶¶ 11(d), 42.) This close temporal proximity makes it "highly unlikely that he would have 'forgotten'" his felon status when he possessed the charged firearms. *See Wallace*, 2022 WL 3134350, at *7 (distinguishing cases "in which a defendant served a short prison stint years in the past"). The movant, therefore, has not demonstrated a reasonable probability that he would have insisted on going to trial if he had been informed of the knowledge-of-status element.

For all of these reasons, the portion of Claim 2.A pertaining to the knowledge-of-status element is without merit, and it cannot excuse the default of the related portion of Claim 1. With no remaining elements to address, Claim 2.A will be denied. And with no other avenues to excuse the default of Claim 1, it will be denied as well.

### B.     Claim 2.B—Enhancements

In Claim 2.B, the movant asserts that counsel was ineffective for failing to argue that his prior convictions did not warrant enhancing his statutory maximum penalty and sentencing guideline range. (Doc. No. 1 at 6–7.) The government argues that this claim is untimely and

without merit (Doc. No. 16 at 10–13), but the court finds it more efficient to address the merits. *See Mateo-Castellanos*, 2012 WL 1555210, at *2; *Asakevich*, 810 F.3d at 423.

To restate, a claim of ineffective assistance requires a showing of deficiency and prejudice. *Huff*, 734 F.3d at 606 (citing *Strickland*, 466 U.S. at 687). In the context of sentencing, "[a] movant can establish prejudice by counsel's actions when there is a reasonable probability that petitioner would have avoided even 'a minimal amount of additional time in prison' were it not for counsel's performance at sentencing." *McQueen v. United States*, No. 19-2427, 2020 WL 3052629, at *3 (6th Cir. Mar. 25, 2020) (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). A movant, however, "cannot rely on 'pure speculation on whether the outcome of . . . the penalty phase could have been any different.'" *Bradshaw-Love v. Warren*, No. 16-2756, 2017 WL 6541144, at *4 (6th Cir. Dec. 15, 2017) (quoting *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007)).

1. **Statutory Maximum Penalty**

The movant asserts that his statutory maximum penalty was improperly enhanced from 5 to 10 years' imprisonment at sentencing based on his prior convictions. (Doc. No. 1 at 6.) That is incorrect. The movant's statutory maximum of 10 years for violating Section 922(g) never changed from the day he was charged (Crim. Doc. No. 1-1 (criminal cover sheet)) to the day he was sentenced. (PSR ¶ 78.) The maximum term of imprisonment for the movant's violation of Section 922(g) was 10 years, regardless of his prior convictions. *United States v. Mayberry*, 540 F.3d 506, 517 (6th Cir. 2008) (citing 18 U.S.C. § 924(a)(2)) ("The statutory maximum sentence for a felon in possession of a firearm is ten years, or 120 months."). Accordingly, there was no basis for the movant's counsel to object to an enhancement of his maximum penalty. Counsel, therefore, not was not ineffective for failing to do so. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013)

(citations omitted) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

### 2. Sentencing Guideline Range

When calculating the movant's sentencing guideline range, the PSR increased his base offense level by applying the large-capacity-magazine enhancement on the basis of three prior controlled substance offenses. (PSR ¶ 17 (applying U.S.S.G. § 2K2.1(a)(1).) According to the movant, counsel should have objected that the predicate offenses did not qualify as controlled substance offenses under the guidelines. (Doc. No. 1 at 6–7.) He bases this argument on four cases decided before his sentencing,[4] and one decided after.[5] Because these cases do not support the movant's argument, however, counsel was not ineffective for failing to object to this enhancement.

The guidelines defined a "controlled substance offense" as:

> an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The PSR identified three prior Tennessee offenses committed by the movant that met this definition: one for selling cocaine, and two for possessing marijuana with intent to distribute. (PSR ¶ 17.) The movant's conviction for selling cocaine clearly qualifies as a controlled substance offense under the guidelines. *See Braden v. United States*, No. 3:11-CV-01006, 2019 WL 3818875, at *27 (M.D. Tenn. Aug. 13, 2019); *Pittman v. United States*, No. 3:14-CV-01064, 2014 WL 3735918, at *4 (M.D. Tenn. July 29, 2014) (explaining that *Moncrieffe* and *Descamps*

---

[4] *Moncrieffe v. Holder*, 569 U.S. 184 (2013); *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 579 U.S. 500 (2016); *United States v. Martinez-Lugo*, 782 F.3d 198 (5th Cir. 2015). (Doc. No. 1 at 7.)

[5] *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). (Doc. No. 1 at 8.)

12

have no relevance to an argument that prior convictions did not qualify as controlled substance offenses under the guidelines). And in a published opinion issued after all five cases cited by the movant, the Sixth Circuit decided that Tennessee's possession-with-intent-to-distribute offense qualifies as a controlled substance offense as well. *See United States v. Garth*, 965 F.3d 493 (6th Cir. 2020) ("Tennessee possession with intent to deliver is categorically a controlled-substance offense under U.S.S.G. § 4B1.2(b)."). Accordingly, this argument is baseless, and counsel was not ineffective for failing to object to the large-capacity-magazine enhancement. *See Coley*, 706 F.3d at 752.

For all of these reasons, Claim 2.B will be denied.

### C.     Claim 3—Jail Credit

In Claim 3, the movant asserts that the Federal Bureau of Prisons ("BOP") failed to award him credit for a prior period of incarceration in state custody. (Doc. No. 1 at 8.) This claim will be denied for two reasons.

First, to the extent that the movant is challenging the BOP's calculation of his sentence, he must do so through a Section 2241 habeas petition, not a Section 2255 motion to vacate. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)) ("A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241."). A federal prisoner "must file a § 2241 petition in the district court having jurisdiction over his custodian," *Kellogg v. Snyder*, 48 F. App'x 114, 115 (6th Cir. 2002) (citations omitted), following the proper exhaustion of administrative remedies. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). The movant is currently housed at FCI Ashland in

13

Case 3:19-cv-00678   Document 21   Filed 08/23/22   Page 13 of 16 PageID #: 67

Ashland, Kentucky,[6] within the Eastern District of Kentucky. 28 U.S.C. § 97(a). Accordingly, any challenge to the calculation of the movant's sentence is not in the proper format or in the proper judicial district.

Second, the movant bases his argument on a citation to U.S.S.G. § 5G1.3(b). (Doc. No. 1 at 8.) To the extent that the movant is attempting to challenge the court's application of the guidelines at sentencing, that is not a viable ground for relief in a Section 2255 proceeding. *See Bullard v. United States*, 937 F.3d 654, 660 (6th Cir. 2019) (quoting *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)) ("A misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255."). And even if the movant could raise a claim based on this guideline, it appears that the guideline did not apply in the movant's case because he was not subject to a state sentence at the time of his federal sentencing. (PSR ¶¶ 2(c)(1) n.2, 42); s*ee* U.S.S.G. § 5G1.3(b) (permitting federal defendant to receive credit for a prior term of imprisonment that arose from conduct related to his offense of conviction, as long as that prior term of imprisonment is "undischarged").

Accordingly, Claim 3 will be denied.

### D. Claim 4—Drug Treatment Recommendation

Finally, in Claim 4, the movant asserts that the court erred by failing to recommend that he participate in the Residential Drug Abuse Program ("RDAP"). (Doc. No. 1 at 8.) However, the movant "expressed no interest in any future substance abuse treatment" to the Probation Office when being interviewed for the PSR (PSR ¶ 71), and the defendant did not request that recommendation at sentencing, so the court did not make it. (*See* Crim. Doc. No. 28 at 2 (judgment

---

[6] The court takes judicial notice that the address on file for the movant in this case is not current. The court found the movant's current address through a search of the federal inmate locator using his federal register number. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 22, 2022).

form).) And even if the court had made such a recommendation, "[t]his recommendation is not binding upon the BOP and does not affect the validity of the sentence imposed." *United States v. Giles*, No. 3:16-CR-4-GFVT-HAI, 2017 WL 8890869, at *2 (E.D. Ky. Sept. 21, 2017), *report and recommendation adopted*, No. 316CR0004GFVTHAI, 2018 WL 662380 (E.D. Ky. Feb. 1, 2018). Prisoners, moreover, do "not have a constitutional right to participate in RDAP." *Id.* (citing *Standifer v. Ledezma*, 653 F.3d 1276, 1279–80 (10th Cir. 2011)). Accordingly, to the extent that Claim 4 seeks an order from the court mandating his placement in RDAP, this claim will be denied.

That said, the government does not object to the court including a non-binding recommendation for RDAP placement in the order disposing of this action. (Doc. No. 16 at 15.) The court, therefore, will include the requested recommendation, though it bears emphasizing that the movant's RDAP placement will be decided by the BOP, regardless of the court's recommendation. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) (internal citations and quotation marks omitted) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate. A sentencing court can recommend that the BOP place an offender in a particular facility or program. But decisionmaking authority rests with the BOP.").

## V.  Request for Evidentiary Hearing

The movant requests an evidentiary hearing. (Doc. No. 1 at 10.) For the reasons explained above, "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief," so the movant is not entitled to a hearing. *See* 28 U.S.C. § 2255(b).

## VI. Conclusion

The movant is not entitled to relief under Section 2255, and this action will be dismissed. Because this is a "final order adverse to" the movant, the court must grant or deny a certificate of appealability (COA). Rules Governing Section 2255 Proceedings 11(a). A COA requires "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning "that reasonable judges could disagree with the district court's resolution of his constitutional claims" or "could conclude the issues presented are adequate to deserve encouragement to proceed further." *Savoca v. United States*, 567 F.3d 802, 803 (6th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Where a Section 2255 motion is denied on procedural grounds, the movant "must show 'at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Waugh v. United States*, No. 18-6016, 2019 WL 4844477, at *1 (6th Cir. Jan. 4, 2019) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated throughout the court's analysis, the movant has not satisfied these standards, and the court will deny a COA.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge